UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANYELA SALAZAR, ANEL HERNANDEZ, :
ROBERT ENMANUEL EMILIANO, and :
CAROLINA PICHARDO, :
 :
                                                       Plaintiffs, : **21 Civ. 11028**
 :
                       -against- :
 : **COMPLAINT**
BIJA 203 INC. d/b/a COCINA TALLER, :
and DARIO OLEAGA, :
 :
                                   Defendants. :
----------------------------------------------------------------X

       Plaintiffs Anyela Salazar, Anel Hernandez, Robert Enmanuel Emiliano, and Carolina Pichardo (collectively, "Plaintiffs"), by their attorneys Pechman Law Group PLLC, complaining of Defendants Bija 203 Inc. d/b/a Taller Cocina and Dario Oleaga (collectively, "Defendants"), allege:

### NATURE OF THE ACTION

       1.    This action is an ancillary proceeding brought pursuant to Rule 69 of the Federal Rules of Civil Procedure, relying on the New York Debtor and Creditor Law ("NYDCL") and New York Labor Law ("NYLL"), to enforce a judgment in favor of Plaintiffs against Defendant Dario Oleaga and 203 Lena Inc. (Case No. 16 Civ. 7743 (VB)(JLC)).

       2.    This new proceeding concerns the voidable transfer of the restaurant Cocina Taller, previously owned by Oleaga and 203 Lena Inc., to Defendant Bija 203 Inc., in violation of the NYDCL and NYLL § 218(5). This proceeding seeks to reverse the voidable transfer and extend the existing judgment over Defendant Bija 203 Inc., the current owner of Cocina Taller that is also liable to Plaintiffs as a successor-in-interest.

## JURISDICTION

3. This Court has jurisdiction over this ancillary proceeding pursuant to Rule 69 of the Federal Rules of Civil Procedure, because it involves claims that form part of the same case and controversy as the civil action designated 16 Civ. 7743 (VB)(JLC), in which judgment was entered.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because the events giving rise to this Complaint occurred in the Southern District of New York and the property that is the subject of this action is situated in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

5. Plaintiffs Anyela Salazar, Anel Hernandez, Robert Enmanuel Emiliano, and Carolina Pichardo are former employees of Defendant Dario Oleaga and are "creditors" of Oleaga, as defined by the New York Debtor and Creditor Law.

6. Oleaga's debts owed to Plaintiffs accrued on a weekly basis and arise out of its failure to pay Plaintiffs all weekly wages due, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

7. On October 23, 2020, this Court issued a judgment for $144,210.65 against Oleaga and in favor of Plaintiffs (16 Civ. 7743, ECF No. 101). A true and correct copy of the judgment is annexed hereto as Exhibit 1.

8. No part of the judgment contained in Exhibit 1 was satisfied, and the full amounts listed in the judgment remain due and owing.

**Defendants**

9. Defendant Dario Oleaga is a defendant debtor owing Plaintiffs $144,210.65.

10. Defendant Bija 203 Inc. is a domestic corporation that owns and operates Cocina Taller located at 416 West 203rd Street, New York, New York 10034.

## PLAINTIFFS' FACTUAL ALLEGATIONS

**Underlying Wage Action**

11. On October 4, 2016, Plaintiffs commenced an action in this court for unpaid wages against Oleaga and 203 Lena Inc. d/b/a Cocina Taller, 16 Civ. 7743 (VB)(JLC) (the "Wage Action").

12. The Wage Action concerned Plaintiffs' claims for unpaid wages while working at Cocina Taller.

13. Throughout Plaintiffs' employment and at the time that the Wage Action was commenced, 203 Lena Inc. and Oleaga owned Cocina Taller.

14. After approximately three years of litigation, counsel for Oleaga and 203 Lena Inc. withdrew from the Wage Action and, when no new counsel appeared, the Clerk of Court entered a default against Oleaga and 203 Lena Inc. on August 19, 2019. (Wage Action, ECF No. 67).

15. Thereafter, Plaintiffs moved by order to show cause for default judgment against Defendants. (Wage Action, ECF No. 79).

16. On January 3, 2020, the court held that Plaintiffs were entitled to a judgment on liability against Oleaga and 203 Lena Inc. and ordered that an inquest be held to determine damages. (Wage Action, ECF No. 86).

17. On February 3, 2020, Oleaga filed a Motion to Vacate the Default Judgment. (Wage Action, ECF No. 91).

18. By order dated May 14, 2020, the Court denied Oleaga's Motion to Vacate the Default Judgment. (Wage Action, ECF No. 95).

19. On October 23, 2020, following the completion of a damages inquest, the Court entered a judgment against Oleaga and 203 Lena Inc. for $144,210.65, which remains unpaid. (Wage Action, ECF No. 101).

**Voidable Transfer**

20. Upon information and belief, Oleaga transferred ownership of Cocina Taller from 203 Lena Inc. to Bija 203 Inc. to avoid making payment to the Plaintiffs in the Wage Action.

21. Bija 203 Inc. was incorporated in May 2020, the same month that the court denied Oleaga's Motion to Vacate the Default Judgment.

22. The Wage Action was commenced prior to the transfer of ownership of Cocina Taller from 203 Lena Inc. to Bija 203 Inc.

23. Upon information and belief, the transfer of Cocina Taller was not for fair consideration.

24. Upon information and belief, the transfer rendered 203 Lena Inc. insolvent and is therefore unable to satisfy its debts to Plaintiffs.

25. Oleaga knew of the Wage Action and Default Judgment at the time that the transfer was made. His knowledge is evidenced by the fact that he made a Motion to Vacate the Default Judgment (Wage Action, ECF No. 91), which included a signed declaration (Wage Action, ECF No. 93).

26. Oleaga retained possession or control of Cocina Taller after the transfer of ownership to Bija 203 Inc. and, to date, he continues to work at the restaurant and supervise the employees.

27. The transfer was effected for the express purpose and with actual intent to hinder, delay, and defraud Plaintiffs' efforts to collect on the judgment entered in the Wage Action.

**Bija 203 Inc. is Liable to Plaintiffs as 203 Lena Inc.'s Successor**

28. In addition to the voidable transfer, the judgment issued against Oleaga and 203 Lena Inc. should be extended to apply to Bija 203 Inc. as a successor.

29. Bija 203 Inc. is liable to Plaintiffs because it satisfies all nine factors of the substantial continuity test, the "test for successor liability that federal courts typically apply in the labor and employment context. " *Battino v Cornelia Fifth Ave., LLC*, 861 F Supp 2d 392, 401 (S.D.N.Y. 2012).

30. To establish substantial continuity, nine factors are considered:

   1) whether the successor company had notice of the subject liability or pending lawsuit prior to acquiring its predecessor's business;

   2) the ability of the predecessor to provide relief on the same;

   3) whether there has been a substantial continuity of business operations;

   4) whether the successor company uses the same location;

   5) whether it uses the same or substantially the same work force;

   6) whether it uses the same or substantially the same supervisory personnel;

   7) whether the same jobs exist under substantially the same working conditions;

   8) whether the successor company uses the same machinery, equipment, and methods of production; and

   9) whether it produces the same product.

*Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (DLI)(SJB), 2021 WL 4129151, at *8 (E.D.N.Y., Aug. 10, 2021).

31. Bija 203 Inc. and Oleaga were aware of the Wage Action and default judgment prior to the transfer of ownership of Cocina Taller from 203 Lena Inc. to Bija 203 Inc.

32. 203 Lena Inc. cannot provide relief and pay the judgment because, upon information and belief, it was rendered insolvent after the completion of the transfer.

33. Bija 203 Inc. continues to use the same name, logo, menu, and employee uniforms that 203 Lena Inc. used when it operated Cocina Taller.

34. Bija 203 Inc. continues to use the same website (cocinatallerny.com), email address (rcocinataller@gmail.com), and Instagram handle (@cocinataller) for Cocina Taller that 203 Lena Inc. used.

35. Bija 203 Inc. still operates Cocina Taller in the same location where it was operating under 203 Lena Inc.

36. Bija 203 Inc. employs many of the same employees that worked at Cocina Taller when it was owned by 203 Lena Inc.

37. The current employees of Cocina Taller work under substantially the same working conditions that existed when 203 Lena Inc. owned and operated Cocina Taller.

38. Oleaga continues to work at Cocina Taller and supervise its employees.

39. Upon information and belief, Bija 203 Inc. uses the same fixtures, machinery, and equipment that 203 Lena Inc. used at Cocina Taller.

40. Bija 203 Inc. prepares and serves customers substantially the same food as was the case when 203 Lena Inc. owned Cocina Taller. For example, Cocina Taller continues to highlight brick oven pizza as one its specialties. The pizza is referred to as "Pizzette" on the current menu, as well as on the menus that existed during 203 Lena Inc.'s ownership.

41. Cocina Taller regularly hosts live music performances by Latin music artists, which it also did while under the ownership of 203 Lena Inc.

42. Bija 203 Inc. owns and operates Cocina Taller in substantially the same manner as it was operated by 203 Lena Inc.

43. Cocina Taller satisfies the substantial continuity test laid out in *Lin v. Quality Woods, Inc*. and Bija 203 Inc. is liable to Plaintiffs as successor to 203 Lena Inc.

**Bija 203 Inc. Is Liable for the Acts of 203 Lena Inc. Under NYLL § 218(5)**

44. Bija 203 Inc. is liable to Plaintiffs in accordance with Section 218(5) of the NYLL, which states:

> An employer similar in operation and ownership to a prior employer which had been found in violation of article six, nineteen or nineteen-A of this chapter, shall be deemed the same employer for the purposes of this section if the employees of the new employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors, or if the subsequent employer has substantially the same production process, produces substantially the same products and has substantially the same body of customers. Such subsequent employer shall continue to be subject to this section and liable for the acts of the prior employer under this section.

45. The Court found 203 Lena Inc. in violation of NYLL Articles 6 and 19 for failing to pay and unlawfully deducting amounts from Plaintiffs' wages. (Wage Action, ECF Nos. 99-100).

46. Bija 203 Inc. owns and operates Cocina Taller in substantially the same manner as it was operated by 203 Lena Inc.

47. Cocina Taller has substantially the same working conditions, supervisors, products, and customers under Bija 203 Inc.'s ownership as it had when owned by 203 Lena Inc.

48. Bija 203 Inc. is liable for the labor law violations of its predecessor.

## FIRST CLAIM
### (Voidable Transfer)

49. Plaintiffs repeat and incorporate all foregoing paragraphs.

50. The intentional and constructive fraudulent transfer of Cocina Taller to Bija 203 Inc. without receipt of fair consideration violates Section 273 of NYDCL.

51. The transfer of ownership from 203 Lena Inc. to Bija 203 Inc. was made with the actual intent to hinder, delay, and defraud Plaintiffs.

52. Defendants are liable for the fraudulent transfer, in accordance with Section 273 of NYDCL.

53. Due to Defendants' violation of Section 273 of NYDCL, Plaintiffs are entitled to relief pursuant to the NYDCL §§ 276 and 277.

## SECOND CLAIM
### (Successor Liability due to Substantial Continuity)

54. Plaintiffs repeat and incorporate all foregoing paragraphs.

55. Bija 203 Inc. satisfies all the factors of the substantial continuity test and under Section 218(5) of the New York Labor Law.

56. Bija 203 Inc. is liable to Plaintiffs for the actions of 203 Lena Inc. as its successor-in-interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

   a. declare that Defendants Oleaga and 203 Lena Inc. transferred Cocina Taller to Bija 203 Inc. with the actual intent to hinder, delay, or defraud Plaintiffs;

   b. declare that Bija 203 Inc. is a successor-in-interest of 203 Lena Inc. under the substantial continuity test and under NYLL § 218(5), and as such Bija 203 Inc. is liable for all labor law violations of 203 Lena Inc.;

        c.        enter a money judgment in favor of Plaintiffs and against Defendants Oleaga and Bija 203 Inc. in an amount to be determined but in no event less than the judgment awarded to Plaintiffs in the Wage Action;

        d.        set aside the fraudulent transfer of Cocina Taller to Bija 203 Inc.;

        e.        issue an injunction against any further disposition of Cocina Taller;

        f.        issue an attachment and levy against the Bija 203 Inc. in favor of and for the benefit of Plaintiffs, to secure the availability of Bija 203 Inc. for satisfaction of the substantial obligation owed to Plaintiffs;

        g.        extend the judgment against Oleaga and 203 Lena Inc. over Bija 203 Inc.;

        h.        award Plaintiffs' reasonable attorneys' fees and costs; and

        i.        award such other and further relief as the Court deems just and proper.

Dated: December 23, 2021
       New York, New York

                      PECHMAN LAW GROUP PLLC

                      By: *s/Louis Pechman*
                          Louis Pechman
                          Laura Rodríguez
                          488 Madison Avenue, 17th Floor
                          New York, New York 10022
                          (212) 583-9500
                          pechman@pechmanlaw.com
                          rodriguez@pechmanlaw.com
                          *Attorneys for Plaintiffs*