# PECHMAN LAW GROUP PLLC
## ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

February 17, 2023

**VIA ECF**

Hon. Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Salazar et al. v. Bija 203 Inc. et al.*
     No. 21 Civ. 11028 (PAC) (SN)

Dear Judge Crotty:

Pursuant to the Court's Individual Practice Rule 3(D), Plaintiffs Anyela Salazar, Anel Hernandez, Robert Enmanuel Emiliano, and Carolina Pichardo ("Plaintiffs") submit this letter to request a pre-motion conference regarding Plaintiffs' anticipated motion for summary judgment as to Defendant Bija 203 Inc. in the above-referenced matter.

**Relevant Background and Procedural History**

Plaintiffs are four former employees of Cocina Taller, a restaurant formerly owned and operated by 203 Lena Inc.  Following prolonged wage-and-hour litigation against 203 Lena Inc. and individual defendant Dario Oleaga in the matter captioned *Salazar et al. v. 203 Lena Inc. et al.*, No. 16 Civ. 7743 (the "Wage Action"), Plaintiffs secured a judgment as to liability against 203 Lena Inc. and Dario Oleaga on January 3, 2020.  *See* Wage Action at ECF No. 86.  Following a damages inquest, a judgment for $167,772.15 was entered on October 23, 2020.  *See* Wage Action at ECF No. 101.

During this same period, 203 Lena Inc. entered into a sale agreement with

Defendant Bija 203 Inc. for the transfer of ownership of Cocina Taller.  The transfer was made effective June 2020, after Plaintiffs secured the judgment as to liability against 203 Lena Inc.  Once aware of these facts, Plaintiffs filed the instant action against Bija 203 Inc. seeking to extend their judgment against the now-defunct 203 Lena Inc. over Bija 203 Inc. as a successor-in-interest and on fraudulent conveyance grounds.  Plaintiffs now intend to move for summary judgment against Bija 203 Inc.

**Bija 203 Inc. is Liable to Plaintiffs as a Successor-In-Interest to 203 Lena Inc.**

To determine whether successor liability applies in the FLSA context, courts in this Circuit employ the "substantial continuity" test, which "focuses on whether the new company has acquired substantial assets of its predecessor and continued, without interruption or substantial change, the predecessor's business operations." *Qanouni v. D&H Ladies Apparel LLC*, No. 18 Civ. 2763 (GBD) (DF), 2021 WL 9036182, at *13 (S.D.N.Y. Mar. 23, 2021) (quoting *Bautista v. Beyond Thai Kitchen, Inc.*, No. 14 CIV. 4335 (LGS), 2015 WL 5459737, at *5 (S.D.N.Y. Sept. 17, 2015).[1]

Bija 203 Inc. is liable as 203 Lena Inc.'s successor under this test.  First, Bija 203 Inc. had notice of the Wage Action prior to the transfer in ownership.  The Wage Action was filed in 2016 and Plaintiffs secured a judgment against 203 Lena Inc. prior to the ownership transfer.  Second, **the sale agreement between 203 Lena Inc. and Bija 203 Inc. explicitly makes Bija 203 Inc. liable for 203 Lena Inc.'s debts**.  203 Lena Inc. is insolvent

---

[1] Courts generally look at nine factors in analyzing successor liability claims: "(1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product." *Bautista*, 2015 WL 5459737, at *5 (quotation omitted).

Hon. Paul A. Crotty
February 17, 2023
Page 3 of 3

and cannot provide relief.  To this day, Bija 203 Inc. continues to operate Cocina Taller out of the same premises offering the same services to customers and substantially the same menu as under the operation of 203 Lena Inc., including identical brick-oven pizza offerings.  Deposition testimony further establishes that Cocina Taller did not close following the transfer in ownership and staff initially remained the same.  Accordingly, Bija 203 Inc. is liable to Plaintiffs as 203 Lena Inc.'s successor-in-interest.

**The Sale of Cocina Taller was a Fraudulent Conveyance**

Bija 203 Inc. is also liable to Plaintiffs because the sale of Cocina Taller was a fraudulent conveyance. To establish the existence of a constructively fraudulent conveyance, Plaintiffs must show "(1) that the conveyance was made without fair consideration; (2) that they conveyor is a defendant in an action for money damages or that a judgment in such action has been docketed against him; and (3) that the defendant has failed to satisfy the judgment." *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17 Civ. 3942 (RER), 2022 WL 970726, at *6 (E.D.N.Y. Mar. 31, 2022) (quotations omitted).

As consideration for the purchase of Cocina Taller, the sale agreement states that Bija 203 Inc. agrees to assume 203 Lena Inc.'s debts.  Deposition testimony establishes, however, that Bija 203 Inc. has never paid any purported debts or provided any other consideration for its purchase of Cocina Taller from 203 Lena Inc.  In other words, no fair consideration was made.  The second and third elements of the fraudulent conveyance showing are undisputed.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

Galen C. Baynes

cc:  Counsel of Record (via ECF)